**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4711**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

STEPHEN G. FIELDS,

            Defendant – Appellant.

───────────

**No. 13-4818**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

TROY BRANDON WOODARD,

            Defendant – Appellant.

───────────

**No. 13-4863**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

EDWARD J. WOODARD,

Defendant – Appellant.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:12-cr-00105-RAJ-DEM-3; 2:12-cr-00105-RAJ-DEM-4; 2:12-cr-00105-RAJ-DEM-1)

———————————

Argued: May 13, 2015                          Decided: June 5, 2015

———————————

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in which Judge Motz and Judge Diaz joined.

———————————

**ARGUED:** Eugene Victor Gorokhov, BURNHAM & GOROKHOV, PLLC, Washington, D.C.; Andrew Michael Sacks, SACKS & SACKS, Norfolk, Virginia; James Brian Donnelly, J. BRIAN DONNELLY, P.C., Virginia Beach, Virginia, for Appellants. Katherine Lee Martin, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Ziran Zhang, BURNHAM & GOROKHOV, PLLC, Washington, D.C., for Appellant Stephen G. Fields. Dana J. Boente, United States Attorney, Alexandria, Virginia, Melissa E. O'Boyle, Uzo E. Asonye, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

In this appeal, Stephen G. Fields, Edward J. Woodard, and Troy Brandon Woodard raise a host of evidentiary and procedural challenges to their convictions following a ten week jury trial for conspiracy to commit bank fraud. Troy Brandon Woodard also challenges his sentence. For the reasons that follow, we affirm the convictions and sentence.

I.

The Bank of the Commonwealth ("the Bank") was a community bank with branches throughout southeastern Virginia and coastal North Carolina. Appellant Edward Woodard ("Woodard") served as its longtime Chief Executive Officer, and Appellant Stephen Fields was its Executive Vice President and Commercial Loan Officer. Appellant Troy Brandon Woodard ("Brandon") was Woodard's son and a Vice President of the Bank's wholly-owned mortgage loan subsidiary. The Bank failed in 2008, and the FDIC, serving as the Bank's receiver, sustained approximately $333 million in losses.

On December 20, 2012, a federal grand jury returned a 26-count indictment charging Woodard, Fields, Brandon, and two additional defendants, who are not parties to this appeal, with a massive bank fraud conspiracy and various financial crimes arising therefrom. The indictment alleged that the objectives

of the conspiracy were to hide the true financial condition of the Bank and to benefit the conspirators at the Bank's expense.

The trial began on March 19, 2013 and lasted approximately ten weeks. The government called 48 witnesses and entered over 600 exhibits into evidence. The defendants called 44 witnesses and entered over 400 exhibits. All five defendants testified on their own behalf.

After deliberating for four days, the jury returned a guilty verdict against the Appellants. Woodard was convicted of conspiracy to commit bank fraud under 18 U.S.C. § 1349; making a false entry in a bank record under 18 U.S.C. § 1005; four counts of unlawful participation in a loan under 18 U.S.C. § 1005; two counts of making a false statement to a financial institution under 18 U.S.C. § 1014; two counts of misapplication of bank funds under 18 U.S.C. § 656; and bank fraud under 18 U.S.C. § 1344. Fields was convicted of conspiracy to commit bank fraud under 18 U.S.C. § 1349; two counts of making a false entry in a bank record under 18 U.S.C. § 1005; making a false statement to a financial institution under 18 U.S.C. § 1014; and two counts of misapplication of bank funds under 18 U.S.C. § 656. Brandon was convicted of conspiracy to commit bank fraud under 18 U.S.C. § 1349 and three counts of unlawful participation in a loan under 18 U.S.C. § 1005.

The district court sentenced Woodard to a 276 month term of imprisonment, Fields to a 204 month term of imprisonment, and Brandon to a 96 month term of imprisonment. The court also ordered restitution payments. All three defendants timely appealed their convictions to this Court.

On appeal, Fields challenges the district court's time limitation of his direct testimony, its exclusion of certain defense evidence as hearsay, its limitation of the scope of cross-examination of two prosecution witnesses, its decision to allow another prosecution witness to testify as a lay witness rather than as an expert, and its exclusion of certain defense evidence as irrelevant. Woodard challenges the sufficiency of the evidence against him, the district court's exclusion of certain evidence regarding the Bank's failure to apply for federal Troubled Asset Relief Program (TARP) funds, and the district court's exclusion of certain evidence regarding the effect of the 2008 national financial crisis on the Bank's finances and operations. Brandon challenges the sufficiency of the evidence against him as well, his sentence enhancement based on the court's calculation of the amount of loss that he caused the Bank, and his sentence enhancement for abusing a position of trust.

II.

We first examine Fields' claim that the district court committed reversible error by limiting the duration of his direct testimony. We review a district court's decision to limit the duration of a witness's testimony for abuse of discretion. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007) (citing United States v. Turner, 198 F.3d 425, 429 (4th Cir. 1999)). Federal Rule of Evidence 611(a) provides that "[t]he court should exercise reasonable control over the mode ... of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth [and] (2) avoid wasting time... ." "It is well settled ... that a trial court possesses broad discretion to control the mode of interrogation of witnesses," including the time limitations placed on the interrogation of that witness. Midgett, 488 F.3d at 299-300. "A district court thus may impose 'reasonable restrictions' on a defendant's ability to present relevant evidence" so long as those restrictions are not "'arbitrary or disproportionate to the purposes they are designed to serve.'" United States v. Woods, 710 F.3d 195, 200 (4th Cir. 2013) (quoting United States v. Scheffer, 523 U.S. 303, 308 (1998) and Rock v. Arkansas, 483 U.S. 44, 55-56 (1987)).

Here, the court notified Fields' counsel well before Fields' direct examination began that the court intended to

6

"move it along" through each defendant's case.  J.A. 6489. Fields' counsel began his direct examination in the afternoon, and upon adjourning for the evening, the court indicated that counsel would be expected to finish the following morning.  Once counsel failed to finish the direct examination within that timeframe, the court alerted him that he would be expected to finish that afternoon.  Ultimately, the court delayed adjournment that day until 6:40pm to allow Fields' counsel additional time for the direct examination.  Throughout the examination, the court warned counsel repeatedly that he was straying into irrelevant or marginally relevant lines of questioning.

 Fields' counsel took four days to present his case, despite his initial estimate that the case would take two to three days. Fields' direct examination lasted seven and one-half hours and was the longest direct examination of any witness in the case. In response to counsel's objection that he had had insufficient time to address each challenged transaction during direct examination, the court noted that Fields was charged with fewer counts than two of his codefendants, both of whom had testified for a shorter amount of time.  Finally, although the court emphasized the wide latitude that Fields' counsel had to inquire into transactions on redirect that he had not addressed during

the direct examination, Fields' counsel declined to make use of the entire time allotted for redirect.

In light of the court's repeated warnings and extensions of time during Fields' direct testimony, and in light of the greater amount of time that Fields had to present his case relative to his codefendants, we conclude that the district court did not abuse its discretion in limiting the duration of Fields' direct testimony.

## III.

We next examine Woodard's and Brandon's claims that the evidence supporting their convictions for conspiracy to commit bank fraud under 18 U.S.C. § 1349 is insufficient.[1] "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011) (citing Jackson v. Virginia, 443 U.S. 307 (1979)). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to

---

[1] The elements of conspiracy to commit bank fraud are, in relevant part, conspiring to execute a scheme to defraud a financial institution. 18 U.S.C. §§ 1344, 1349.

8

believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (internal citations omitted).

The government presented abundant evidence in support of Woodard's charge of conspiracy to commit bank fraud. The testimony of Eric Menden alone is sufficient to support Woodard's conviction. Menden, a longtime borrower from the Bank, testified at trial that Woodard had informed him that Woodard's son Brandon was having difficulty making payments on one of Brandon's properties. Menden testified that Woodard asked Menden to give Brandon money to make these payments, that Menden did so, and that Menden obtained the money he gave Brandon from the Bank. This money, Menden testified, was delivered to Brandon in cash in a brown paper bag. If the jury chose to believe this testimony – as, indeed, drawing all inferences in the light most favorable to the government, we must assume it did – then this testimony alone would be sufficient to sustain Woodard's conviction for conspiracy to commit bank fraud. We therefore affirm his conviction on this count.

There is also sufficient evidence against Brandon on the conspiracy charge. To take one example, Kevin Glenn, the general contractor who remodeled the Bank's Suffolk branch, testified that Brandon was present when his father, Woodard, instructed Glenn to "wrap ... up" certain costs of the remodel

9

of Brandon's personal residence into the invoices that the Bank was paying for the remodel of its Suffolk branch. J.A. 6634. Glenn testified that he inflated those invoices as instructed, and that the Bank paid them. This evidence, if believed by the jury, is sufficient to support Brandon's conviction for conspiracy to commit bank fraud. We therefore affirm Brandon's conviction on this count.[2]

IV.

Based on the foregoing, Appellants' convictions and Brandon's sentence are hereby

AFFIRMED.

---

[2] We have reviewed the record as to all of Appellants' challenges and find no reversible error in any of them.

10